■ WORLD ATHLETIC SPORTS CORP., Appellant, v. MAHMOUD R. PAHLAVI, Respondent. WORLD ATHLETIC SPORTS CORP., Appellant, v. FATEMEH PAHLAVI, Respondent.— Order entered June 15, 1965, directing the taking of the depositions of defendants and a witness in the City of Teheran, Iran, and order entered July 9, 1965, denying plaintiff's motion to be relieved of a stipulation withdrawing objections to the taking of the depositions, unanimously affirmed, without costs or disbursements. The depositions were to be taken in connection with applications by defendants to vacate default judgments on the ground defendants were not served with process and the court acquired no jurisdiction. In affirming, we do so without prejudice to plaintiff's right, in the proceedings to vacate the judgments, to elicit and present any competent material directed to the weight to be given to any of the testimony adduced in the taking of the depositions. On the present state of the record, this court is in no position to determine the admissibility or weight to be given any such evidence. All we decide is that the taking of depositions was warranted and that there was no error in denying the motion to relieve plaintiff of its stipulation. Concur — Breitel, J. P., Valente, McNally and Staley, JJ.

■ EARL M. REIBACK, Respondent, v. MALIBU SHORE CLUB, INC., et al., Appellants.— Order entered on or about September 8, 1965, so far as appealed from, unanimously affirmed, without costs and without disbursements. We stated in *Reiback* v. *Malibu Shore Club* (23 A D 2d 829, 830) : "In order that this court might more justly appraise the damages suffered and any compensation awarded, we deem it advisable that plaintiff submit to an examination by an impartial medical expert, or experts, and so direct." We also observed that a physician testifying on behalf of plaintiff testified that two tests which would reveal feigning or shamming were not made. These tests were described as the electro-encephalogram and psychogalvanometer tests. In the event these tests are not made by the impartial Medical Examiner, or his report and findings are shown to be inadequate in any material respect, then, following his report, leave is granted in the interests of justice to the appellant to apply at Special Term for a further examination by an expert on the impartial medical panel or an additional impartial expert to be appointed by the court. Concur — Breitel, J. P., Valente, McNally, Eager and Staley, JJ.